Robinson+Cole

Leave to file the Administrative Record (AR) under seal is GRANTED. Good cause exists to seal the AR, which spans thousands of pages and is shot through with protected health information and sensitive personally identifiable information. The Court agrees that publishing the AR, even after giving the parties the chance to make redactions, would serve little public purpose and risk significant violations of Mr. Rahimi's privacy.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 2, 2026

PATRICK W. BEGOS

One Station Place, Suite 800
Stamford, CT 06902
Main (203) 462-7500
Fax (203) 462-7599
pbegos@rc.com
Direct (203) 462-7550

Also admitted in New York and Massachusetts

October 30, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Rahimi v. First UNUM Life Insurance Company*, No. 1:26-cv-02378-AS**

Dear Judge Subramanian:

This firm represents defendant First Unum Life Insurance Company in this action. Pursuant to Your Honor's Individual Practices, Rule 11(C)(ii), we write jointly on behalf of Plaintiff Franko Rahimi and Defendant First Unum Life Insurance Company, to respectfully request leave to file the Administrative Record under seal.

The parties' September 10, 2026 Stipulation and Order provides that the bench trial record will include the Administrative Record, identified as materials bearing Bates numbers FUL-CL-LTD-000001 through FUL-CL-LTD-003510, together with the July 11–12, 2024 video surveillance footage. The Stipulation and Order directs the parties to file the Administrative Record with their opening briefs on October 30, 2026 (ECF No. 14).

District courts within the Second Circuit "enjoy[] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

Good cause exists to seal the Administrative Record, which spans more than 3,500 pages. These documents are replete with information regarding Plaintiff's medical conditions, diagnosis, and treatment that may be protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). *See, e.g.*, *Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 F. Appx. 51 (2d Cir.

2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."); *Barnwell v. FCI Danbury*, 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (sealing "records relating to [plaintiff's] personal medical treatment" because "[f]ederal law generally treats such records as confidential."); *Northrop v. Carucci*, 2007 WL 685173, at *3 n. 6 (D. Conn. Mar. 5, 2007) ("The record contains over 800 pages of plaintiff's medical records.... No motion to seal them has been filed. Courts ordinarily apply a strong presumption against sealing court records.... However, federal law treats medical records as confidential …. Therefore, plaintiff's medical records will be sealed by the Clerk."). Accordingly, sealing the entire Administrative Record is the most narrowly tailored means available for protecting Plaintiff's PHI.

In addition, the documents comprising the Administrative Record are laced with references to Plaintiff's social security number, date of birth, home address and other sensitive and personally identifiable information ("PII").

In light of the sheer volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would require redaction. This would be an extremely burdensome task. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significantly intruding on Plaintiff's privacy. Disclosure of the information in the Administrative Record in the public record, if left unredacted in error, could cause serious and irreparable injury to Plaintiff by disclosing highly private and personal information. As a practical matter, there is no less restrictive alternative available than submitting a non-redacted Administrative Record directly to the Clerk of the Court under seal. *See Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.,* No. 2:24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025) (granting motion to seal upon consideration of the *Lugosch* factors, holding the "privacy interests" of the movant, including the disclosure of social security numbers and other PII, outweighed the presumption of public access).

The parties have met and conferred regarding the scope of this request, and both join in this request to seal the Administrative Record. The parties respectfully request that the Court grant leave to file the entire unredacted Administrative Record under seal. The proposed sealed filing is being submitted contemporaneously with this letter-motion in accordance with Your Honor's Individual Practices.

Respectfully submitted,

*/s/Patrick W. Begos*
Patrick W. Begos

cc: Counsel of Record (via ECF)